# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THEODORE J. THOMPSON, | |
| Plaintiff, | Case No. 2:08-cv-00513-RCJ-PAL |
| vs. | **ORDER & REPORT OF FINDINGS AND RECOMMENDATION** |
| LIED ANIMAL SHELTER, et al., | (Amended Complaint - Dkt. #6) |
| | (Mtn Timely Execute - Dkt. # 10) |
| Defendants. | |

Plaintiff Theodore J. Thompson is proceeding in this action *pro se*. On May 28, 2008, the court granted Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #2), directed that the Clerk of Court file the Plaintiff's Complaint (Dkt. #1), and ordered that the Complaint be dismissed with thirty-day leave to amend. On June 24, 2008, Plaintiff filed an Amended Complaint (Dkt. #6) in compliance with this court's order.

The court will now screen the Amended Complaint pursuant to 28 U.S.C. § 1915 (e). Federal courts have the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir.

1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russel v. Landrieu, 621 f.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Thompson is attempting to state a claim under 42 U.S.C. § 1983 for the wrongful death of his dog and unspecified deprivations of due process by the Lied Animal Shelter and UCA Animal Hospital. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42 (1988) (citation omitted). Thompson has failed to allege that either Defendant named in the Amended Complaint is a state actor or was acting under color of state law. Thus, Thompson has failed to state a claim for which relief can be granted under section 1983.

Thompson's claim for "intentional negligence" is not a cause of action recognized under federal or state law. Thompson's remaining claims for wrongful death, professional negligence, and intentional infliction of emotional distress are all state law claims sounding in tort for which Thompson has failed to allege a basis for the court's subject matter jurisdiction. Therefore, Thompson has failed to state claims for which relief can be granted.

Based on the foregoing, and good cause appearing,

**IT IS RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED.**

**IT IS ORDERED** that Plaintiff's Motion to Timely Execute the Proceedings (Dkt. #10) is **DENIED AS MOOT.**

Dated this 31st day of October, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE