**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| THEODORE J. THOMPSON | ) | |
| Plaintiff, | ) | 2:08-cv-00513-RCJ-PAL |
| vs. | ) | **ORDER** |
| LIED ANIMAL SHELTER, et al., | ) | |
| Defendants. | ) | |

Plaintiff Theodore J. Thompson is a state prisoner proceeding pro se and in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to Magistrate Judge Peggy A. Leen in accordance with 28 U.S.C. § 636(b)(1) and the Local Rules of Practice, LR IB 1-4. On November 3, 2008, Judge Leen issued an Order and Report of Findings and Recommendation ("R&R"). (#11). On November 13, 2008, Plaintiff filed Objections to the R&R ("Objections"). (#13). After consideration of the R&R and Plaintiff's Objections, the Court adopts the R&R and dismisses Plaintiff's First Amended Complaint with leave to amend.

**BACKGROUND**

Plaintiff alleges that on or about February 12, 2007, Plaintiff left his dog with a dog sitter while he traveled to California. During his absence, his dog became ill. The dog sitter took Plaintiff's dog to the VCA Animal Hospital and instructed the VCA Animal Hospital to contact Plaintiff. A few days later, the VCA Animal Hospital called Plaintiff, informed him that his dog was not cooperating with treatment, and that the dog had been transported to Lied Animal Shelter. Plaintiff contacted Lied Animal Shelter, which confirmed that they had custody of his dog.

1  According to Plaintiff, a Lied Animal Shelter employee explained that Plaintiff had thirteen days to
2  pick up his dog.  Later that week, Plaintiff went to Lied Animal Shelter to retrieve his dog.  At that
3  time, a Lied Animal Shelter representative informed Plaintiff that they had euthanized his dog earlier
4  that week.

5  Following this incident, Plaintiff was incarcerated and currently resides at the Northern
6  Nevada Correctional Center in Carson City, Nevada.  On April 23, 2008, Plaintiff filed a motion to
7  proceed in forma pauperis (# 1), which Judge Leen granted on May 28, 2008 (#2).  Pursuant to 28
8  U.S.C. § 1915(e), Judge Leen screened Plaintiff's original Complaint and dismissed sua sponte
9  Plaintiff's original Complaint without prejudice (#2).  Judge Leen noted that Plaintiff had attempted
10 to allege a claim under 42 U.S.C. § 1983, but had failed to allege that the properly named defendants,
11 Lied Animal Shelter or VCA Animal Hospital, had acted "under the color of state law."  (#2 at 2).
12 Judge Leen allowed Plaintiff thirty days to amend the Complaint.  *See id.* at 3.

13 On June 24, 2008, Plaintiff filed an Amended Complaint ("First Amended Complaint").
14 (#6).  Because Plaintiff failed again to allege that Lied Animal Shelter or VCA Animal Hospital had
15 acted "under the color of state law," as required under 42 U.S.C. § 1983, Judge Leen recommended
16 that Plaintiff's First Amended Complaint be dismissed.  (#11).  Judge Leen issued the R&R on
17 November 3, 2008.

18 On November 19, 2008, Plaintiff filed the Objections to the R&R and filed a Second
19 Amended Complaint.  (#12, #13).  Plaintiff argues that because Judge Leen originally instructed
20 Plaintiff to correct his deficient Complaint by properly alleging a § 1983 claim, Plaintiff amended
21 the Complaint in an effort to comply with Judge Leen's Order.  Plaintiff argues, however, that
22 dismissal is inappropriate because Plaintiff can allege federal jurisdiction pursuant to 28 U.S.C. §
23 1332.  In Plaintiff's Second Amended Complaint, Plaintiff alleges that at the time of the incident
24 giving rise to his lawsuit, he was a citizen of the State of California and that both defendants were
25

citizens of the State of Nevada. Plaintiff also seeks monetary relief in the amount of $10 million from both defendants.

## STANDARD OF REVIEW

The duties of a District Court in connection with a Magistrate Judge's Report and Recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "[a] judge of the district court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–150 (1985). When no objections are filed, the District Court need not review de novo the Report and Recommendation. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en banc). A District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(A), (B). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court must liberally construe a pro se's pleadings. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). As pleaded in Plaintiff's original Complaint and First Amended Complaint, Plaintiff's Complaint failed to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S. 637 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). The original Complaint and First Amended Complaint failed to allege the first requirement. As a result, the Court adopts the R&R's finding that Plaintiff failed to plead a § 1983 cause of action.

Because the only apparent basis for federal jurisdiction under the original Complaint or First Amended Complaint was federal question jurisdiction, the failure to state a § 1983 cause of action removed any basis for federal jurisdiction. The R&R properly concluded that Plaintiff's failure to plead a § 1983 claim deprived the Court of subject matter jurisdiction over Plaintiff's remaining state law claims. As a result, the Court adopts the R&R's recommendation to dismiss the First Amended Complaint.

Nonetheless, soon after the R&R issued, Plaintiff submitted his Objections to the R&R and Second Amended Complaint. In the Second Amended Complaint, Plaintiff properly and clearly invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction. *See* U.S. Const. Art. III, § 2; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "Whenever it appears by suggestion of the

parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). "[I]t is presumed that a cause lies outside this limited jurisdiction" unless the party asserting jurisdiction establishes that it exists. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Thus, the burden is on the plaintiff to plead and prove the citizenship of the parties. *See Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

Federal courts are afforded subject matter jurisdiction where there is diversity of citizenship between all plaintiffs and all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction requires "complete diversity, whereby in a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citation and quotation omitted). The burden of establishing subject matter jurisdiction lies with the party seeking to invoke the federal court's jurisdiction. *See Kokkonen*, 511 U.S. at 377.

In his Objections to the R&R, Plaintiff argues that he can allege the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1). A party seeking to invoke diversity jurisdiction need only allege—not prove—the actual citizenship of the relevant parties such that the district court may determine whether there exists complete diversity. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In his Objections to the R&R and Second Amended Complaint, Plaintiff alleges that at the time the original Complaint was filed, he was a citizen of the State of California and that both defendants were citizens of the State of Nevada. *See Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 695–96 (9th Cir.2005). Therefore, Plaintiff has alleged complete diversity.

The amount in controversy for diversity cases must exceed $75,000. To determine whether a plaintiff has satisfied the amount in controversy requirement, "the sum claimed by the plaintiff

controls if the claim is apparently made in good faith" and "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). The jurisdictional minimum includes "claims for general and special damages (excluding costs and interests), attorneys fees if recoverable by statute or contract, and punitive damages if recoverable as a matter of law." *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1198–99 (N.D. Cal. 1998). Plaintiff's Second Amended Complaint, as well as his previous two complaints, have sought general and punitive damages in the amount of $10 million against each defendant. There is nothing on the face of Plaintiff's Second Amended Complaint, nor in the record before the Court, to suggest that Plaintiff's claims are not asserted in good faith. *See Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 664 (9th Cir. 2005). Even if Plaintiff ultimately recovers less than $75,000, this will not demonstrate its bad faith or oust the jurisdiction of the Court. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 289 ("The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction."). Therefore, Plaintiff has alleged the required amount in controversy.

Where a deficient complaint could possibly be cured by an amendment, the complaint must be dismissed with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135–1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

In *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc), the plaintiff, who was a state prisoner, filed a § 1983 complaint in forma pauperis. *See id.* at 1124. Upon screening the plaintiff's complaint, the magistrate judge allowed the plaintiff's complaint to proceed, but instructed the plaintiff to amend the complaint. *See id.* Upon filing his amended complaint, the magistrate determined that the amended complaint was deficient and dismissed the amended complaint but

without leave to amend the complaint further, noting that the court usually provided only one opportunity to amend and that the plaintiff had failed to make a showing of good cause for additional amendments. *See id.* at 125. The Ninth Circuit reversed, concluding that the magistrate judge's dismissal of the amended complaint without leave to amend was contrary to the "longstanding rule" of the Ninth Circuit that "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Id.* at 1130. (citation omitted) (quotation marks omitted).

In support of its decision, the Ninth Circuit Court of Appeals held that when a district court dismisses a complaint under 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted, the district court retains broad discretion "over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." *Id.* at 1124. The Ninth Circuit stated that a "substantial reason not to construe the statutory language in a manner that would eliminate that discretion" is found in the parallel language between § 1915(e)(2), as it applies to dismissals for failure to state a claim, and Federal Rule of Civil Procedure 12(b)(6). *Id.* at 1127. The Ninth Circuit observed that for over a half-century, in connection with Rule 12(b)(6) dismissals, the Ninth Circuit has held that "a district court should grant leave to amend *even if no request to amend the pleading was made*, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995)).

The R&R recommended that the First Amended Complaint be dismissed, which the Court accepts and adopts. The R&R did not indicate whether the First Amended Complaint should be dismissed with or without leave to amend. In light of Plaintiff's Objections to the R&R and the Second Amended Complaint, Plaintiff has made clear that he can cure the deficiencies of his prior complaint. Section 1915(e) does not provide a limit on the number of times a plaintiff may amend a complaint. *See, e.g., Jackson v. Foster*, No. 3:05-cv-00428, 2008 WL 4372848 (D.Nev. Sept. 18, 2008) (dismissing one count of plaintiff's fourth amended complaint pursuant to 28 U.S.C. § 1915(e)

and Rule 12(b)(6)); *Smartt v. Rohlfing*, No. CIV S-07-1428, 2008 WL 1362029 (E.D. Cal. April 9, 2008) (dismissing amended complaint pursuant to 28 U.S.C. § 1915 for failure to state a cognizable claim against any defendant and ordering plaintiff to file a second amended complaint).  In light of the discretion given to the Court to dictate the terms of dismissal of a complaint under 28 U.S.C. § 1915, the Ninth Circuit's holding in *Lopez v. Smith*, Plaintiff's clear ability to cure the defects of his prior complaint, and Plaintiff pro se status, the Court adopts the R&R's recommendation to dismiss the First Amended Complaint but does so with leave to amend.  Now that Plaintiff has submitted a Second Amended Complaint, which Plaintiff did in an expeditious manner following the issuance of the R&R, the Court remands this matter to Judge Leen to perform the required § 1915(e) screening.

## CONCLUSION

For the foregoing reasons, the Court *adopts* Magistrate Judge Peggy Leen's Report and Recommendation, but with the clarification that the First Amended Complaint is *dismissed with leave to amend*.

IT IS SO ORDERED.

DATED: January 22, 2009

_____
Robert C. Jones
United States District Judge

(bb)