1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THEODORE J. THOMPSON,                )
                                     )
                        Plaintiff,   )        Case No. 2:08-cv-00513-RCJ-PAL
                                     )
vs.                                  )     **ORDER & REPORT OF FINDINGS**
                                     )       **AND RECOMMENDATION**
LIED ANIMAL SHELTER, et al.,         )
                                     )      (Second Amended Complaint - Dkt. #12)
                        Defendants.  )          (Mtn Timely Execute - Dkt. #17)
_____ )

        Plaintiff Theodore J. Thompson is proceeding in this action *pro se*.  On May 28, 2008, the court

granted Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #2), directed that the Clerk of Court

file the Plaintiff's Complaint (Dkt. #1), and ordered that the Complaint be dismissed with thirty-day

leave to amend.  On June 24, 2008, Plaintiff filed an Amended Complaint (Dkt. #6) in compliance with

this court's order.  The undersigned issued a report of findings and recommendation (the "R&R")

recommending dismissal on November 3, 2008 because it failed to state a section 1983 claim.  Plaintiff

filed objections and a Second Amended Complaint (Dkt. #12) which invoked the court's diversity

jurisdiction and asserted state law claims.  On January 22, 2009, the District Judge adopted the R&R and

clarified that Plaintiff's Amended Complaint was dismissed with leave to amend.  His Order (Dkt. #15)

also referred the matter to the undersigned to screen the Second Amended Complaint.

        The undersigned was not aware the District Judge had remanded the matter to screen the Second

Amended Complaint until receiving Plaintiff's Motion to Timely Execute the Proceedings (Dkt. #17)

and apologizes for the delay.  The Motion (Dkt. #17) is granted, and the court will now screen the

Second Amended Complaint pursuant to 28 U.S.C. § 1915 (e).  Federal courts have the authority dismiss

a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

1  § 1915(e)(2).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to

2  amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

3  complaint that the deficiencies could not be cured by amendment.  See Cato v. United States, 70 F.3d

4  1103, 1106 (9th Cir. 1995).

5      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

6  failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

7  ruling on a question of law.  North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir.

8  1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all

9  material allegations in the complaint are accepted as true and are to be construed in the light most

10  favorable to the plaintiff.  Russel v. Landrieu, 621 f.2d 1037, 1039 (9th Cir. 1980).  Allegations of a *pro*

11  *se* complaint are held to less stringent standards than formal pleading drafted by lawyers.  Haines v.

12  Kerner, 404 U.S. 519, 520 (1972) (per curiam).

13      Plaintiff alleges that on February 12, 2007, he left his dog with a dog-sitter while he traveled to

14  California.  During his absence, the dog became ill, and the dog-sitter took the dog to the VCA Animal

15  Hospital ("VCA") and left Plaintiff's contact information there.  VCA called Plaintiff several days later

16  and informed him that his dog was not cooperating with the treatment and that the dog had been sent to

17  Lied Animal Shelter ("Lied").  Plaintiff contacted Lied, and he was assured his dog was there and that he

18  had thirteen days to pick up the dog before it would be moved from the Intake Section to the Adoption

19  Section of the shelter.  Within the thirteen days, Plaintiff went to Lied to pick up his dog, and he was

20  informed the dog had been euthanized.

21      Plaintiff has asserted several state law claims, including wrongful death, professional negligence,

22  negligent infliction of emotional distress, and intentional infliction of emotional distress.  Although these

23  claims arise under state law, the District Judge found that Plaintiff has properly and clearly invoked the

24  court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  He has alleged complete diversity–namely,

25  that at the time the original complaint was filed, he was a citizen of California, and the named

26  Defendants are citizens of Nevada.  Moreover, he is seeking $5 million from each Defendant, and the

27  District Judge also found that the jurisdictional minimum of $75,000.00 is satisfied.  As set forth in the

28  District Judge's Order (Dkt. #15), "Even if Plaintiff ultimately recovers less than $75,000, this will not

1  demonstrate [the Complaint's] bad faith or oust the jurisdiction of the Court." Order at 6:11-12

2  (citing St. Paul Mercury Indem. Co. v. Red Cab Co. 303 U.S. 283, 288-89 (1938)).

3      N.R.S. 41.085 and 41A.097 govern wrongful death actions. In order to state a claim for wrongful

4  death, a plaintiff must allege that the death of a person was caused by the wrongful act or neglect of

5  another. Id. There is no wrongful death cause of action available to Plaintiff because of the death of his

6  dog. Therefore, it will be recommended that Plaintiff's wrongful death claim be dismissed.

7      In order to state a claim for professional negligence, a plaintiff must allege a duty was owed to

8  him or her, it was breached, and the breach was the actual and proximate cause of damages sustained by

9  the plaintiff. See Butler v. Bayer, 123 Nev. ___ (2007). Here, Plaintiff has alleged that the Defendants

10 owed him a duty to take adequate care of his dog, and that duty was breached by the Defendants' failure

11 to keep the dog safe. Plaintiff has alleged damages in the total amount of $15,000,000. Therefore,

12 Plaintiff has stated a valid negligence claim against Defendants.

13     In order to state a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must

14 show (a) extreme and outrageous conduct on the part of the Defendants; (b) intent to cause emotional

15 distress or reckless disregard for causing emotional distress; (c) that plaintiff actually suffered extreme or

16 severe emotional distress; and (d) causation. See Miller v. Jones, 114 Nev. 1291, 1300 (1998).

17 Although this appears to be an issue of first impression under Nevada law, there is a split of authority in

18 other jurisdictions regarding whether a pet owner can recover emotional distress damages for the death

19 of a pet. See, e.g., Kyprianides v. Warwick Valley Humane Soc., 873 N.Y.S.2d 710 (N.Y. App. 2009)

20 (euthanizing animals seized from owner not sufficiently outrageous and egregious to support emotional

21 distress claim). Cf. Womack v. Von Rardon, 135 P.3d 542 (Wash. App. 2006) (malicious injury to pet

22 can support claim for emotional distress damages).

23     The only difference between this claim and Plaintiff's claim for negligent infliction of emotional

24 distress ("NIED") is the "intent" element. To state a claim for NIED, Plaintiff must show that the

25 Defendants acted negligently rather than intentionally or with reckless disregard. State ex rel. Dept. of

26 Transp. v. Hill, 114 Nev. 810, 815-16 (1998), overruled on other grounds, Grotts v. Zahner, 115 Nev.

27 339 (1999). Plaintiff has stated a claim for both IIED because he has alleged outrageous conduct on the

28 part of the Defendants, reckless disregard or negligence in causing emotional distress, and his own

emotional distress.  Plaintiff states that the dog was a "pet-relative" and "the only thing close to a child [Plaintiff had] ever had."  Second Amended Complaint at 4, 6.  Moreover, Plaintiff was in contact with the Defendants, and they were aware that the dog was to be claimed.  Thus, Plaintiff has stated a claim for IIED against the Defendants.

Based on the foregoing, and good cause appearing,

**IT IS ORDERED** that:

1.  The Clerk of the Court shall file the Complaint and shall issue Summons to Defendants VCA Animal Hospital and Lied Animal Shelter and deliver the same to the U.S. Marshal for service.  Plaintiff shall have 20 days in which to furnish the U.S. Marshal with the required Form USM-285.  Within 20 days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, plaintiff must file a notice with the court identifying whether defendant was served.  If plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.  Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

2.  From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

3.  Plaintiff's Motion to Timely Execute the Proceedings (Dkt. #17) is **GRANTED** by screening the Second Amended Complaint.

/ / /

**IT IS RECOMMENDED** that Plaintiff's wrongful death claims be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

Dated this 7th day of August, 2009.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE